IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALEONE SABINO GOMES**<br>2218 Glenview Street<br>Philadelphia, PA 19149<br><br>**Plaintiff**<br><br>v.<br><br>**LENNAR CORPORATION**<br>1209 Orange Street<br>Wilmington, DE 19801<br><br>**JOHN DOE (1-10)**<br><br>**ABC CORPORATION (1-10)**<br><br>**Defendants** | **CIVIL ACTION**<br><br>**NO.:** |

## CIVIL ACTION COMPLAINT

Plaintiff, Aleone Sabino Gomes, by and through his undersigned counsel, Kostin Law, LLC, hereby files this Civil Action Complaint against Defendants, Lennar Corporation, John Doe (1-10), and ABC Corporation, and avers as follows:

## PARTIES

1. Plaintiff, Aleone Sabino Gomes, is an adult and resident of the Commonwealth of Pennsylvania who presently resides at 2218 Glenview Street, Philadelphia, PA 19149.

2. Defendant, Lennar Corporation, is a Delaware corporation with its headquarters located at 1209 Orange Street, Wilmington, DE 19801.

1

3. Defendants, John Doe (1-10), are fictitious individuals whose identities are currently unknown, but at all times relevant hereto worked for Defendants as agents, servants, employees, and/or independent contractors.

4. Defendants, ABC Corporation (1-10), are corporations and/or other business entities whose identities are currently unknown, but at all times relevant hereto were hired by Defendants as agents, servants, employees, and/or independent contractors.

## **VENUE & JURISDICTION**

5. This Court has Subject Matter Jurisdiction pursuant to 28 U.S.C. § 1332 based on diversity of citizenship since both parties are citizens of different states, and the amount in controversy exceeds $75,000.00.

6. This Court has Personal Jurisdiction over Defendant, Lennar Corporation, because its minimum contacts with the forum state are "such that the maintenance of th[is] suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Wash., 326 U.S. 310, 316.

7. Venue is properly laid, pursuant to 28 U.S. Code § 1391(b)(2), in this Honorable Court because the events giving rise to this claim occurred in Chester County, Pennsylvania.

## **FACTUAL BACKGROUND**

8. The foregoing paragraphs are incorporated herein in their entirety as if set forth herein at length.

9. On or about February 18, 2023, Plaintiff was working at 148 Lilac Court, Coatesville, PA 19320 (the "Construction Site" or "Site").

10. On or about the same date and time, Plaintiff was instructed to stand on a beam of the roof and place roof trusses, delivered by a forklift, on the roof.

11. While Plaintiff was performing his job duties, he was knocked off the roof and fell to the floor of the second floor of the house, hit the second floor with side of his back, and continued to fall further down onto the ground floor (hereinafter the "Subject Incident"), causing serious and permanent injuries and damages.

12. At all times material hereto, Defendants failed to provide Plaintiff with a safety harness.

13. Defendant, Lennar Corporation, was the general contractor and/or developer on the Site responsible for oversight of the project, safety, OSHA compliance for all individuals on the Construction Site, quality control and workmanship, and supervision of all subcontractors, including Plaintiff's employer, Main Line Contractor Corp.

14. Upon information and belief, Defendants failed to properly secure the bundle of roof trusses the forklift delivered, contributing to Plaintiff's fall and the Subject Incident.

15. Upon information and belief, Defendants failed to provide, require, or enforce OSHA regulations mandating fall protection gear, guardrails, nets, and/or a fall protection plan, which could have prevented the Subject Incident and Plaintiff's resulting injuries and damages.

16. In addition, Defendant, Lennar Corporation, as the general Contractor is liable for failing to properly oversee and supervise the project, enforce OSHA regulations, and ensure site safety, which led to the Subject Incident.

17. As a result of the Subject Incident, Plaintiff sustained the following injuries:

    a.    Thoracic T9 acute traumatic fracture;

      b.      Thoracic T10 traumatic acute fracture;

      c.      Thoracic T11 traumatic acute fracture;

      d.      Severe intractable thoracic spine pain;

      e.      Herniated disc C3-C4;

      f.      Ligamentous injury C3, C4, C5 interspinous ligament;

      g.      Neck pain with radiculopathy;

18. Plaintiff's employer, Main Line Contractor Corp., voluntarily accepted and stipulated Plaintiff's medical and indemnity benefits at a rate of $666.66 per week beginning on February 19, 2023.

19. Plaintiff has not filed or secured a judgment, adjudication, or settlement in the workers' compensation case to date, though benefits are being paid and the lien is accumulating.

20. As of the time of the filing of this Complaint, **Plaintiff's workers' compensation lien is $192,082.94, and the lien is still growing** as Plaintiff continues treating.

21. As a direct and proximate result of the serious and permanent injuries caused by Defendants' negligence in causing the Subject Incident, Plaintiff has in the past, is presently, and will likely in the future continue to suffer from: pain, suffering, embarrassment, humiliation, medical expenses, lost wages, loss of earning capacity, loss of life's pleasures, out of pocket expenses, mental anguish, grief, and limited activities of daily living.

**COUNT I – NEGLIGENCE**
**Plaintiff v. Defendant(s)**

22. The foregoing paragraphs are incorporated herein in their entirety as if set forth herein at length.

4

23. Defendants had a duty to inspect the premises and to identify and correct any dangerous and/or hazardous conditions contained therein.

24. At all relevant times, Plaintiff was a business invitee.

25. As a business invitee, Defendants owed Plaintiff the highest duty of care.

26. At all relevant times, Defendants possessed, maintained, and were responsible for the continued care, custody, possession and/or control of the Construction Site and were responsible for oversight of the project, safety, OSHA compliance for all individuals on the Construction Site, quality control and workmanship, supervision of all subcontractors, training, installation and/or implementation of safety plans/measures, provision of safety equipment, creation and implementation of fall prevention plans, and enforcement of state/federal/internal safety rules and regulations.

27. Plaintiff's fall was caused solely by the actions and/or inactions of Defendants and not by the actions and/or inactions of Plaintiff.

28. Plaintiff's fall and resulting injuries were caused as a direct and proximate result of the carelessness and/or negligence of Defendants, by and through their agents, servants, workmen, and/or employees—who, at all relevant times, worked within the course and scope of their employment and/or agency with Defendants—and consisted, inter alia, of the following:

    a. Causing and/or allowing the Construction Site to be dangerous and/or hazardous, so as to constitute a menace, danger, nuisance, and/or trap to business invitees, including Plaintiff;

    b. Failing to provide appropriate training regarding safety and/or fall risks;

c. Failing to provide appropriate oversight;

d. Failing to properly supervise Plaintiff and/or his employer;

e. Failing to provide adequate and/or required fall protection, such as a harness;

f. Failing to install guardrails;

g. Failing to create and/or implement a fall protection plan;

h. Failing to provide adequate safety monitoring at the Construction Site;

i. Failing to keep the Construction Site safe;

j. Causing, creating, and/or failing to prevent Plaintiff from being in a foreseeably dangerous situation where he was required to walk/stand on an improperly reinforced/bolstered surface, at elevation, while a crane delivered heavy roof trusses, which created a dangerous and/or hazardous condition for Plaintiff which foreseeably led to the platform failing and Plaintiff falling;

k. Violating 29 C.F.R. § 1926.501(b)(7), et seq.;

l. Violating 29 C.F.R. § 1926.501(b)(7);

m. Violating 29 C.F.R. § 1926.501(b)(8);

n. Violating 29 C.F.R. § 1926.501(b)(12);

o. Violating 29 C.F.R. § 1926.501(b)(13);

p. Violating 29 C.F.R. § 1926.501(b)(15);

q. Failing to properly secure the temporary platform used for loading/unloading roof trusses;

      r.      Failing to properly secure the roof trusses prior to being lifted by the crane;

      s.      In the alternative, delivering roof trusses to the wrong platform/surface; and.

      t.      Violating industry standards and/or internal policies on safety, fall prevention, fall protection, use of guardrails, fences, and/or barricades, safety net systems, personal fall arrest systems, use or provision of harnesses, and/or creation and/or implementation of a fall prevention/protection plan.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus all costs and other relief this court deems necessary.

      **Respectfully submitted,**

      **KOSTIN LAW, LLC**

**DATED: 2/17/2025**      **By:**   *Grady Lowman*

      **Grady A. Lowman, Esquire (#323113)**
      1315 Walnut Street, Suite 1006
      Philadelphia, PA 19107
      Phone: (267) 764-1114
      Fax: (856) 957-5122
      Email: glowman@lowmankostin.com
      Attorney for Plaintiff

## VERIFICATION

I, ALEONE GOMES, hereby depose and say that I am the Plaintiff in this matter and the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are subject to the penalties of 18 Pa. C.S. 4904, relating to unsworn falsification to authorities.

_____
Aleone Gomes